## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | **CHAPTER 7** |
| | : | |
| **PEDER N. FALCH,** | : | **Case No. 10-19993 ELF** |
| | : | |
| **Debtor.** | : | **Electronically filed** |

## <u>ORDER</u>

AND NOW, this _____ day of _____ 2011, upon consideration of the Motion to Dismiss Debtor's Bankruptcy Case Pursuant to 11 U.S.C. 707(a) of Patrick Young and Cynthia Young, it is hereby ORDERED, ADJUDGED and DECREED that the Motion is GRANTED and it is

FURTHER ORDERED that Debtor's above captioned chapter 7 bankruptcy case is DISMISSED.

_____
The Honorable Eric L. Frank
United States Bankruptcy Judge

Interested parties:

Kevin S. Anderson, Esquire
Marvin L. Wilenzik, Esquire
Elliott Greenleaf & Siedzikowski, P.C.
925 Harvest Drive, Third Floor
Blue Bell, PA 19422

Robert M. Greenbaum
Smith Giacometti, LLC
270 West Lancaster Avenue
Building I
Malvern, PA 19355

Michael H. Kaliner, Esquire
1516 Woodland Road
West Chester, PA 19382

Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Bank of America
P.O. Box 45224
Jacksonville, FL 322d2-5224

Benner and Wild
Attn: Gavin R. Laboski, Esquire
174 West State Street
Doylestown, PA 18901-3534

City of Philadelphia
City of Philadelphia Law Department
Tax Unit/Bankruptcy Dept.
1515 Arch Street, 15th Floor
Philadelphia, PA 19102-1595

Wells Fargo Bank, N.A.
P.O. Box 563966
Charlotte, NC 28256-3966

Pennsylvania Department of Revenue
Bankruptcy Division
P.O. Box 280946
Harrisburg, PA 17128-0964

European Construction, Inc.
P.O. Box 124
Blue Bell, PA 19422-0124

LEMA Associates, LP
376 Regatta Drive
Jupiter, FL 33477-4076

Lexus Financial Services
P.O. Box 9550
Cedar Rapids, IA 52409-9550

Shelter Harbor Marina Condo Ass'n, Inc.
1000 Bay Avenue
Beach Haven, NJ 08008

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| PEDER N. FALCH, | : | Case No. 10-19993 ELF |
| | : | |
| Debtor. | : | Electronically filed |

**MOTION TO DISMISS DEBTOR'S BANKRUPTCY CASE PURSUANT
TO 11 U.S.C. §707(a) OF PATRICK YOUNG AND CYNTHIA YOUNG**

Patrick Young and Cynthia Young (the "*Movants*"), by and through their undersigned counsel and for the reasons set forth in the accompanying Memorandum of Law, incorporated herein by reference as if fully set forth, hereby move this Court to dismiss Debtor's bankruptcy case pursuant to 11 U.S.C. 707(a).

WHEREFORE, for all the foregoing reasons, Movants respectfully request that this Court enter the attached proposed Order, and order such other and further relief in Movants' favor as the Court deems appropriate.

Respectfully submitted,

**OF COUNSEL:**

**ELLIOTT GREENLEAF
& SIEDZIKOWSKI, P.C.**

s/ Kevin S. Anderson
KEVIN S. ANDERSON
MARVIN L. WILENZIK
Union Meeting Corporate Center V
P.O. Box 3010
925 Harvest Drive, Third Floor
Blue Bell, PA 19422
(215) 977-1000 - (215) 977-1099 fax

Attorneys for Patrick Young and Cynthia
Young

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RICHARD PAUL GLUNK, | : | |
| | : | |
| Debtor. | : | Case No. 05-31656-KCJ |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS
DEBTOR'S BANKRUPTCY CASE PURSUANT TO 11 U.S.C. §707(a) OF
<u>PATRICK YOUNG AND CYNTHIA YOUNG</u>**

**I.      INTRODUCTION**

Debtor Peder N. Falch (the "***Debtor***") filed this case in November, 2010 to avoid a single debt owed to judgment creditors Paul Young and Cynthia Young, h/w (collectively, the "***Movants***") following the entry of judgment in their favor in the amount of $295,008 one month earlier.  The Debtor intends to continue driving his late model Lexus automobile worth more than $37,000 and enjoying a boat worth $170,000 while seeking this Court's assistance in utilizing the bankruptcy system to avoid this single debt.  Such a manipulative abuse of the bankruptcy system is wrong and should not be countenanced by this Court.

**II.      FACTUAL BACKGROUND**

The Debtor and his company European Construction, Inc. ("***ECI***") were engaged by Movants to perform renovations to the Young's home in Solesbury Township, Bucks County. Because of the Debtor's defective performance, Movants ceased making payments.  Apparently believing that the best defense was a good offense, Debtor and ECI sued Movants for payment in the Court of Common Pleas of Bucks County, Pennsylvania (the "***Bucks County Court***") in a matter captioned *European Construction and Peder N. Falch v. Patrick Young and Cynthia Young*, Case No. 00002518-13-5.  Movants counterclaimed for the cost of fixing Debtor's deficient performance.  The matter was submitted to arbitration and the arbitrator issued an

award against Debtor and ECI jointly and severally in favor of Movants in the amount of $444,000 in October of 2008.    Thereafter, Debtor and ECI appealed the award.    Following negotiations, the parties agreed to a stipulated judgment in favor of Movants and against Debtor and ECI in the amount of $295,008 plus interest at six percent (6%) beginning August 31, 2010. The Bucks County Court entered judgment in that amount on October 12, 2010.    As of the filing of the Petition, ECI had no assets and was not operating.

Slightly more than one month later, Debtor filed the instant chapter 7 proceeding. Debtor's Schedule F reflects that he has three unsecured debts as follows:

1.    $4,000 is owed to Benner and Wiled, the law firm that represented Debtor in the Bucks County Action.

2.    $45,995.11 is owed to LEMA Associates, L.P (the "***LEMA Debt***) for "consolidated loan and purchase money loan for vehicle."

3.    $295,008.00 is owed to Movants.

A copy of Debtor's Schedule F is attached hereto as Exhibit A.    Debtor's Schedule D reflects that he has two secured debts as follows:

1.    $178,910.91 is owed to Bank of America (the "***Boat Debt***") for a purchase money loan to purchase a 2002 Cruisers Express boat valued by Debtor at $170,000.

2.    $21,720.85 owed Lexus Financial Services (the "***Lexus Debt***") for a 2007 Lexus LS 460L automobile valued by the Debtor at $37,675.[1]

A copy of Debtor's Schedule D is attached hereto as Exhibit B.

Debtor's Schedules I and J, copies of which are attached hereto as Exhibits C and D, reflect that from his current $12,3412.72 monthly income, he intends to continue paying $1,100 per month relative on account of the LEMA Debt, $419.78 per month on account of the Lexus

---

[1] It is unclear from the Debtor's schedules what the LEMA Debt is for.  While the description on Schedule F refers to the purchase of a vehicle, only one vehicle is listed on the Debtor's Schedules and that is the 2007 Lexus which is presumably the subject of the Lexus Debt.

Debt and $1,570.94 per month on account of the Boat Debt.  Schedule J also reflects that Debtor

will spend an additional $100 per month for "Boat insurance."  When the foregoing monthly

payments totaling $3,190.72 are included with his other expenses, the Debtor purports to have a

mere $67.21 of net income.  Further, the Debtor's Schedule J also lists a monthly expense of

$1,200 per month for "[a]limony, maintenance and support paid to others" and $450 for the

"support of additional dependents not living at [Debtor's] home" although Movants could not

find an order relative to such payments in the dockets of either of Debtor's two divorces.[2]

Moreover, the forgoing also shows that notwithstanding the Debtor's "need" to seek protection

under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "***Code***"), he intends to pay

<u>all</u> of his creditors except Movants, owed more than $295,000, and his former lawyers who are

owed $4,000.

## III.    ARGUMENT

Pursuant to 11 U.S.C. 707(a), a bankruptcy court may dismiss a voluntary petition filed

under chapter 7 of the Bankruptcy Code "for cause."  11 U.S.C. 707(a).  Section 707(a) states:

> (a) The court may dismiss a case under this chapter only after
> notice and a hearing and only *for cause*, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to
> creditors;
>
> (2) nonpayment of any fees or charges required under
> chapter 123 of title 28; and

---

[2]   In 1995, Debtor was a party to a divorce action filed by his first wife in the Bucks County
Court in a case captioned, *Vicki Lynn Delany-Falch v. Peder Noren Falch*, No. A06-95-64245.
A Separation and Property Settlement Agreement was executed in that case that provided for
Debtor to pay child support of $400 during the minority of his two children with his first wife.
The youngest of those children was 18 on May 9, 2009.  In 2005, Debtor filed a complaint
against his second wife in the Bucks County Court in a case captioned, *Peder Falch v. Marie
Falch*, Case No. 2005-63936.  No order awarding any support to Debtor's second wife is
docketed in that case.

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

*Id.* (emphasis added).

Numerous federal court courts have held that a bankruptcy court should dismiss a bankruptcy petition "for cause if the petitioner fails to demonstrate his good faith in filing." *In re Tamecki*, 229 F.3d 205, 207 (3d Cir. 2000). *See also In re Zick*, 931 F.2d 1124, 1126-1127 (6th Cir. 1991); *In re Lichtenstein*, 328 B.R. 513, 515 (W.D. Ky. 2005); *In re Cappuccetti*, 172 B.R. 37, 38-39 (Bankr. E.D. Ark. 1994); *In re Maide*, 103 B.R. 696, 697 (Bankr. W.D. Pa. 1989); *In re Brown*, 88 B.R. 280, 283 (Bankr. D. Haw. 1988). "[A]lthough the jurisdictional requirement of good faith is not explicitly stated in the statute, it is inherent in the purposes of bankruptcy relief." *Zick*, 931 F.2d at 1129 *quoting In re Jones*, 114 B.R. 917 (Bankr. N.D. Ohio 1990). Despite the lack of a definition of "good faith" in the Bankruptcy Code, courts within the Third Circuit "have uniformly held that '[a]t the very least, good faith requires a showing of honest intention.'" *Tamecki*, 229 F.3d at 207 *quoting In re Marks*, 174 B.R. 37, 40 (E.D. Pa. 1994). "[A]lthough a debtor's ability to repay is not, itself, sufficient cause for dismissal, '[w]hen a debtor capable of at least partial repayment has made every effort to avoid payment of an obligation, lack of good faith sufficient to justify dismissal may be found.'" *Perlin v. Hitachi Capital Am. Corp. ( In re Perlin)*, 497 F.3d 364, 374 (2007) *quoting In re Zick*, *supra* 931 F.2d at 1127 n.3 .

"Once a party calls into questions a petitioner's good faith, the burden shifts to the petitioner to prove good faith." *In re Tamecki*, 229 F.3d at 207. Moreover, once the burden shifts to the petitioner, he must do more than merely show that the provisions of the Bankruptcy

Code technically permit his filing. *Id.* at 208. Rather, the petitioner must prove that he availed himself of those provisions in good faith. *Id.*

Some of the numerous factors that courts utilize to determine whether a debtor filed a case in bad faith include:

- the debtor reduced his creditors to a single creditor in the months prior to filing the petition;

- the debtor made no life-style adjustments or continued living an expansive or lavish life-style;

- the debtor filed the case in response to a judgment, pending litigation, or collection action; there is an intent to avoid a large, single debt;

- the debtor made no effort to repay his debts;

- the unfairness of the use of Chapter 7;

- the debtor has sufficient resources to pay his debts;

- the debtor is paying debts of insiders;

- the schedules inflate expenses to disguise financial well-being;

- the debtor transferred assets;

- the debtor is over-utilizing the protections of the Code to the unconscionable detriment of creditors;

- the debtor employed a deliberate and persistent pattern of evading a single major creditor;

- the debtor failed to make candid and full disclosure;

- the debtor's debts are modest in relation to his assets and income; and

- there are multiple bankruptcy filings or other procedural "gymnastics."

*Lichtenstein*, 328 B.R. at 515; *Cappuccetti*, 172 B.R. at 39.  All of the above factors need not be present in order for a case to be dismissed.  *Lichtenstein*, 328 B.R. at 515.  *See also Zick*, 931 F.2d at 1128; *Cappuccetti*, 172 B.R. at 39.    Rather, "where a combination of the factors is present, courts have held that dismissal is warranted." *Lichtenstein*, 328 B.R. at 515.

The court in *Lichtenstein*, dismissed the debtor's case because it found eight of the 14 factors present.  That court, however, specifically concluded that the most significant factor was that the debtor defiantly admitted that he filed his petition to avoid a single debt.  *Lichtenstein*, 328 B.R. at 515.  Likewise, in *Brown*, the court dismissed the debtor's bankruptcy case principally because the debtor, an ophthalmologist, was using the Bankruptcy Code to avoid paying a medical malpractice judgment.  88 B.R. at 284-285.

In *Cappuccetti*, the district court affirmed the bankruptcy court's order dismissing a chapter 7 petition for lack of good faith filing by the debtors.  Specifically, the court concluded that it was "essentially a one creditor case" as the debtor identified only three creditors, one of which – the IRS – constituted ninety percent of the petitioners' total debt.  *Cappuccetti*, 172 B.R. at 39-40.  Indeed, the court concluded that the debtor filed his petition in response to the IRS' collection efforts.  *Id*. at 40.  Additionally, the court found that the debtors were living a "luxurious life-style" and made no attempt to reduce their expenses.  *Id*.

Debtor's chapter 7 case is essentially a one creditor proposition.  While the Debtor identifies two secured debts – the Boat Loan and the Lexus Loan – the Debtor obviously intends to continue paying both creditors in order to keep his luxury car and boat.  Similarly, while the Debtor identifies three unsecured debts, his schedules also reflect an intent to pay one of these – the LEMA Debt – and only ignore the modest debt to his litigation attorneys and the substantial debt owed to Movants.

6

It is obvious that this case was commenced as a direct result of the judgment entered against Debtor slightly more than one month before the filing of his Petition. Debtor did not lose his job in that period. He did not begin incurring extraordinary medical expenses. He just agreed on the amount he owed Movants and then brazenly filed his petition in this Court to avoid paying it.

On a quick, first scan of the Debtors Schedules I and J, a reader might conclude that the Debtor is in tight economic straights as after the payment of all of his living expenses, he is left with a scant $67.21 per month. However, as noted above, almost half of his "expenses" are devoted to paying for his luxury car, paying for his boat and paying some ill-described loan for an asset that he does not appear to own. When the $3,190.72 earmarked for these "necessities" is backed-out of his expenses, the Debtor's true cash flow is revealed; a cash flow that shows a whopping $3,257.93 per month that would be available to pay his creditors. Depending on the bona fides of Debtor's claimed alimony and support expenses, additional funds might be available.

Clearly, the debtor has made no adjustment to his lavish lifestyle. Instead, he has blatantly concluded to continue enjoying it by paying the secured creditors who could otherwise repossess his boat and luxury car and inexplicably determined to pay another creditor related to some un-identified asset. Given the foregoing, there is but one true claim of any consequence in this case and that is the claim of Movants. It is crystal clear that the only reason for the commencement of this case was in response to the judgment Debtor agreed to give them in the month before the commencement of this case. This filing constitutes nothing less than a deliberate attempt to evade the only major creditor the Debtor faces.

This is not a case where a formerly wealthy Debtor chooses to spend assets acquired years before the filing of a bankruptcy petition that are exempt from execution in non-Bankruptcy Court litigation or from administration in a bankruptcy case to fund the continuation of the debtor's lavish lifestyle. Rather, this is a case where Debtor seeks to chose with impunity to pay debts that are related to the continuation of a lavish lifestyle while relegating the creditors whose judgment precipitated the bankruptcy filing to pressing their noses up against the windows of his Lexus and boat to watch the Debtor suffer no discernable pain from his sojourn through the Bankruptcy process. To permit this Debtor to drive his Lexus to his boat while Movants receive nothing is truly unconscionable.

In *Zick*, the United States Court of Appeals for the Sixth Circuit aptly noted that the purpose of the Bankruptcy Code is to "serve those persons who, despite their best efforts, find themselves hopelessly adrift in a sea of debt." *Zick*, 931 F.2d 1129 *quoting Jones*, 114 B.R. at 926. "Bankruptcy protection was not intended to assist those who, despite their own misconduct, are attempting to preserve a comfortable standard of living at the expense of their creditors." *Id*. The facts in the instant action lead to the unmistakable conclusion that Debtor is no way "adrift in a sea of debt" and in need of a fresh start. Rather, Debtor has and is continuing to live a lavish lifestyle, and filed his chapter 7 in a bad faith attempt to preserve his luxurious lifestyle at Movants' expense. Accordingly, Debtor's chapter 7 case must be dismissed.

[Balance of page left intentionally blank]

8

### III.    CONCLUSION

For all of the foregoing reasons, Movants respectfully request that this Court grant this Motion, dismiss Debtor's case, and grant such other relief in their favor as the Court deems appropriate.

Respectfully submitted,

**OF COUNSEL:**

**ELLIOTT GREENLEAF**                  s/ Kevin S. Anderson
**& SIEDZIKOWSKI, P.C.**                KEVIN S. ANDERSON
                                       MARVIN L. WILENZIK
                                       Union Meeting Corporate Center V
                                       P.O. Box 3010
                                       925 Harvest Drive, Third Floor
                                       Blue Bell, PA 19422
                                       (215) 977-1000 - (215) 977-1099 fax

                                       Attorneys for Patrick Young and Cynthia Young

# EXHIBIT A

B6F (Official Form 6F) (12/07)

In re    **Peder N. Falch**                                                  ,    Case No. _____
_____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. | | | | | Legal services re: Young litigation | | | | |
| **Benner and Wild Attn: Gavin R. Laboski, Esquire 174 West State Street Doylestown, PA 18901** | X | - | | | | | | | 4,000.00 |
| Account No. | | | | | Notice Purposes Only | | | | |
| **Elliot Greenleaf & Siedzikowski, P.C. Attn: Marvin L. Wilenzik, Esquire 925 Harvest Drive Blue Bell, PA 19422** | | | | | | | | | 0.00 |
| Account No. | | | | | April 2009; modified August 2009 Consolidation loan and purchase money loan for vehicle | | | | |
| **LEMA Associates, LP 376 Regatta Drive Jupiter, FL 33477-4076** | | | | | | | | | 45,995.11 |
| Account No. | | | | | 10/24/08; modified 10/12/10 Arbitration Award from CCP Bucks County Civ. Action No. 00002518-13-5; Order approving Stipulation to Amend Arbitration Award | | | | |
| **Patrick and  Cynthia Young 2926 Comfort Road New Hope, PA 18938** | X | - | | | | | | | 295,008.00 |

| | Subtotal (Total of this page) | 345,003.11 |
|---|---|---|

__1__    continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.

In re    **Peder N. Falch** _____,    Case No. _____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **xxxx5609**<br><br>**Wells Fargo Bank, N.A.**<br>**P.O. Box 563966**<br>**Charlotte, NC 28256-3966** | X | - | | | **Business Line of Credit extended to European Construction, Inc.; Notice purposes only** | | | X | 48,021.06 |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet no. **1** of **1** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | Subtotal<br>(Total of this page) | 48,021.06 |
|---|---|---|
| | Total<br>(Report on Summary of Schedules) | 393,024.17 |

# EXHIBIT B

B6D (Official Form 6D) (12/07)

In re   **Peder N. Falch**                                      Case No. _____
                                                      ,
_____
                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. **xxxx6092**<br><br>**Bank of America**<br>**P.O. Box 45224**<br>**Jacksonville, FL 32232-5224** | - | | | | **June 2003**<br><br>**Purchase Money Security**<br><br>**2002 Cruisers Express 4050 (Hull No. CRSNBA33C303)**<br>**1000 N. Bay Avenue**<br>**Beach Haven, NJ** | | | | | |
| | | | | | Value $          **170,000.00** | | | | **178,910.91** | **8,910.91** |
| Account No.<br><br>**Lexus Financial Services**<br>**P.O. Box 9550**<br>**Cedar Rapids, IA 52409-9550** | - | | | | **September 2010**<br><br>**Purchase Money Security**<br><br>**2007 Lexus LS460 L** | | | | | |
| | | | | | Value $          **37,675.00** | | | | **21,720.95** | **0.00** |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

**0**    continuation sheets attached

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | **200,631.86** | **8,910.91** |
| Total<br>(Report on Summary of Schedules) | **200,631.86** | **8,910.91** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston. IL - www.bestcase.com

# EXHIBIT C

B6I (Official Form 6I) (12/07)

In re __Peder N. Falch__                                                    Case No. _____
                                    Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Divorced** | RELATIONSHIP(S):<br>**Daughter**<br>**Daughter**<br>**Daughter**<br>**Son** | AGE(S):<br>**19**<br>**21**<br>**6**<br>**8** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Property Manager** | |
| Name of Employer | **LA Corporation** | |
| How long employed | **2 years** | |
| Address of Employer | **1086 Penllyn Blue Bell Pike**<br>**Blue Bell, PA 19422-2104** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **12,341.72** | $ | **N/A** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **N/A** |
| 3. SUBTOTAL | $ | **12,341.72** | $ | **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | **4,285.45** | $ | **N/A** |
|    b. Insurance | $ | **0.00** | $ | **N/A** |
|    c. Union dues | $ | **0.00** | $ | **N/A** |
|    d. Other (Specify):   **LEMA Associates, LP Loan** | $ | **1,100.00** | $ | **N/A** |
|        **401K** | $ | **246.83** | $ | **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **5,632.28** | $ | **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **6,709.44** | $ | **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **N/A** |
| 8. Income from real property | $ | **0.00** | $ | **N/A** |
| 9. Interest and dividends | $ | **0.00** | $ | **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **N/A** |
| 11. Social security or government assistance | | | | |
| (Specify): _____ | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 12. Pension or retirement income | $ | **0.00** | $ | **N/A** |
| 13. Other monthly income | | | | |
| (Specify): _____ | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **0.00** | $ | **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **6,709.44** | $ | **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | | **6,709.44** |

(Report also on Summary of Schedules and, if applicable, on<br>Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

# EXHIBIT D

B6J (Official Form 6J) (12/07)

In re  Peder N. Falch                                                    Case No. _____
                                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 750.00 |
| a. Are real estate taxes included? | Yes ___ | No **X** | |
| b. Is property insurance included? | Yes ___ | No **X** | |
| 2. Utilities: a. Electricity and heating fuel | | $ | 0.00 |
| b. Water and sewer | | $ | 0.00 |
| c. Telephone | | $ | 76.51 |
| d. Other | | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 300.00 |
| 4. Food | | $ | 800.00 |
| 5. Clothing | | $ | 100.00 |
| 6. Laundry and dry cleaning | | $ | 25.00 |
| 7. Medical and dental expenses | | $ | 150.00 |
| 8. Transportation (not including car payments) | | $ | 450.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 130.00 |
| 10. Charitable contributions | | $ | 10.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
| a. Homeowner's or renter's | | $ | 0.00 |
| b. Life | | $ | 0.00 |
| c. Health | | $ | 0.00 |
| d. Auto | | $ | 110.00 |
| e. Other **Boat** | | $ | 100.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
| a. Auto | | $ | 419.78 |
| b. Other **Bank of America loan** | | $ | 1,570.94 |
| c. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 1,200.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 450.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other | | $ | 0.00 |
| Other | | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)    $ **6,642.23**

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a. Average monthly income from Line 15 of Schedule I | $ | 6,709.44 |
| b. Average monthly expenses from Line 18 above | $ | 6,642.23 |
| c. Monthly net income (a. minus b.) | $ | 67.21 |